IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| In re: Bausch & Lomb Contact Lens Solution Product Liability Litigation | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | MDL No. 1785 |
| | C/A No. 2:06-MN-77777-DCN |
| | C/A No. 2:06-CV-02672 |
| This order relates to: Class Action cases listed[1] | C/A No. 2:06-CV-02370 |
| | C/A No. 2:07-CV-00658 |
| | C/A No. 2:06-CV-03274 |
| | C/A No. 2:06-CV-02686 |
| | C/A No. 2:06-CV-02365 |
| | C/A No. 2:06-CV-02367 |
| | C/A No. 2:06-CV-02716 |
| | C/A No. 2:09-CV-02493 |
| | C/A No. 2:06-CV-02685 |
| | C/A No. 2:06-CV-02693 |
| | C/A No. 2:06-CV-02661 |
| | C/A No. 2:06-CV-03639 |
| | **ORDER** |

This matter is currently before the court on defendant Bausch & Lomb's motion to dismiss all class allegations asserted by plaintiffs in this MDL proceeding. Fourteen putative class actions were filed nationwide in this MDL proceeding by plaintiffs who allegedly purchased Renu with MoistureLoc ("MoistureLoc") contact lens solution, which was manufactured by defendant and was withdrawn from the United States market in April 2006. On December 21, 2006, the court issued Pretrial Order 6 (PTO 6), which

---

[1] Plaintiffs Beskin and Myers in case numbers 2:06-CV-02370 and 2:09-CV-02493 have already voluntarily dismissed their claims.

provided:

> The various named Plaintiffs in the class actions shall file consolidated Master Complaints with respect to the class actions by January 31, 2007. The Master Complaint(s) shall apply to and supersede all pending class actions and to those subsequently filed, removed, or transferred to this Court as part of this proceeding.

PTO 6 § IV.B. On January 31, 2007, the Plaintiffs' Steering Committee filed a consolidated class-action complaint that sought a nationwide class of MoistureLoc purchasers. Plaintiffs later amended their consolidated class action complaint to assert class claims only on behalf of California and Pennsylvania MoistureLoc purchasers. Plaintiffs did not include personal injury claims in their consolidated class action complaint. On September 25, 2009, after briefing and argument, the court denied plaintiffs' motion for class certification. Thus, pursuant to the plain language of PTO 6, the court's denial of class certification controls the outcome of all class allegations in this MDL proceeding. Indeed, plaintiffs apparently do not dispute this result. Their sole argument in response to defendant's current motion is that the court should defer dismissing any class allegations pending resolution of plaintiffs' petition for interlocutory appellate review of the court's class certification order. However, the United States Court of Appeals for the Fourth Circuit denied plaintiffs' petition on November 17, 2009. Accordingly, defendant's motion is **GRANTED**. All remaining class allegations in this MDL proceeding are **DISMISSED**.

       **AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**February 3, 2010**
**Charleston, South Carolina**